UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DARRELL C., II,                    )
                                   )
           Plaintiff               )
                                   )
v.                                 )    No. 1:18-cv-00338-DBH
                                   )
ANDREW M. SAUL,                    )
Commissioner of Social Security,[1] )
                                   )
           Defendant               )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing past relevant work as a fast food worker. The plaintiff seeks remand on the bases that the ALJ erred in (i) failing to recognize his cognitive and learning disorders as severe impairments, (ii) making a residual functional capacity ("RFC") determination that is unsupported by substantial evidence, and (iii) improperly relying on his ability to perform what the plaintiff contends should have been classified as a "composite" job. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 3-20. I find no harmful error and, accordingly, recommend that the court affirm the decision.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2019, Finding 1, Record at 18; that he had the severe impairments of obesity and sleep apnea, Finding 3, *id*.; that he retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could occasionally climb ramps and stairs, could never climb ladders, could occasionally kneel, crouch, and crawl, needed to avoid concentrated exposure to unprotected heights and dangerous moving machinery, and was limited to simple, routine jobs, Finding 5, *id*. at 20; that he was capable of performing past relevant work as a fast food worker, which did not require the performance of work-related activity precluded by his RFC, Finding 6, *id*. at 23; and that he, therefore, had not been disabled from February 18, 2015, his alleged onset date of disability, through the date of the decision, December 13, 2017, Finding 7, *id*. at 23-24. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f),

416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Failure To Find Severe Cognitive, Learning Disorders

The plaintiff first contends that the ALJ erred in failing to find severe cognitive and learning disorders based on the results of a September 20, 2016, psychological evaluation by Adrienne J. Butler, Ed.D. *See* Statement of Errors at 3-8. However, as the commissioner responds, the plaintiff fails to make the requisite showing that the recognition of those disorders as severe would have changed the outcome of his claim. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 3, 7; *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.").

The plaintiff reasons that, had the ALJ adopted Dr. Butler's "opinion that [he] would need frequent repetition and visual cues, along with her assessment that his attention and concentration difficulties are likely exacerbated by both pain and fatigue, he would have had to include such limitations in the RFC[,]" which "would have resulted in a different response from the vocational witness." Statement of Errors at 7. He notes that the vocational expert ("VE") present at his hearing testified that off-task behavior in excess of 15 percent of the time would not be tolerated. *See id.*; Record at 55. Nonetheless, Dr. Butler did not indicate that, as a result of the plaintiff's noted difficulties, he would be off-task for more than 15 percent in a work day, *see* Record at 525-

3

26, and the plaintiff identifies no other expert opinion that this would be the case, *see* Statement of Errors at 7-8. This is fatal to his bid for remand on this basis.[3]

### B. Challenge to RFC Determination

The plaintiff next challenges the ALJ's RFC determination on the bases that the ALJ failed to account adequately for his cognitive and learning disorders or the effects of his severe obstructive sleep apnea. *See id.* at 8-16. I find no error.

The plaintiff first contends that, after discounting the Butler opinion, the ALJ impermissibly assessed the raw medical evidence to craft a limitation to simple, routine work, requiring reversal and remand. *See id.* at 9-10 (citing, *inter alia*, *Coyne v. Berryhill*, No. 2:16-cv-00536-GZS, 2017 WL 4364184, at *4 (D. Me. Oct. 1, 2017) (rec. dec., *aff'd* Oct. 19, 2017); *Staples v. Astrue* ("*Donald Staples I*"), Civil No. 09-440-P-S, 2010 WL 2680527, at *3 (D. Me. June 29, 2010) (rec. dec., *aff'd* July 19, 2010)); *Coyne*, 2017 WL 4364184, at *4 (record before ALJ, which contained "the opinions of two treating physicians and an examining consultant that the [claimant] had disabling mental limitations, was too ramified to permit commonsense judgments about functional capacity based on medical findings"); *Donald Staples I*, 2010 WL 2680527, at *3-4 (absent any explanation by ALJ as to "how she derived the specific components of her RFC[,]" she appeared to have "overstepped the bounds of her expertise as a layperson, translating nuanced raw medical evidence into a functional capacity assessment").

Yet, the ALJ did not interpret raw medical evidence. As the commissioner notes, *see* Opposition at 3-5, 8-9, at Step 2, he detailed his reasons for finding no more than mild limitations in the four broad areas of mental functioning known as the "Paragraph B" criteria, referencing,

---

[3] Moreover, as the commissioner notes, *see* Opposition at 7, this court has observed that there is "no self-evident tension between Dr. Butler's repetition/reinforcement finding" and a limitation to simple tasks, *Allen-Ward v. Berryhill*, No. 1:17-cv-00227-JDL, 2018 WL 1907953, at *8 (D. Me. Apr. 23, 2018) (rec. dec., *aff'd* June 29, 2018).

4

*inter alia*, Dr. Butler's report, *see* Record at 18-19, and, at Step 4, he partially credited the plaintiff's subjective allegations, *see id.* at 22 ("The undersigned has additionally limited the [plaintiff] to simple unskilled work based on his subjective allegations of difficulty with memory due to his exhaustion and poor sleep."). It is not error to assess restrictions more favorable to a claimant than the medical evidence would otherwise support on the basis of adoption of the claimant's own subjective allegations. *See, e.g., Kristina D.B. v. Berryhill*, No. 1:18-cv-00088-JHR, 2019 WL 1407407, at *4 (D. Me. Mar. 28, 2019). Remand, accordingly, is unwarranted on the basis of this point of error.

Turning to the second point, the plaintiff contends that the ALJ failed to supply the requisite good reasons for discounting the opinion of treating physician Mark K. Doughty, M.D., that, as of July 26, 2016, the plaintiff was cleared to return to part-time work for no more than 30 hours per week and six hours per day, with the workday ending no later than 3:00 p.m., when the plaintiff started to get somnolent. *See* Statement of Errors at 10-16; Record at 578; 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.").[4] I find no error.

The ALJ explained:

> The undersigned has given some weight to Charles E. Burden, M.D. and Mark K. Doughty, M.D.'s opinion that the [plaintiff] may fall asleep unintentionally at around 3 PM, but is otherwise able bodied and should be able to work on a more limited schedule. This opinion is consistent with the July 26, 2016[,] statement in the [plaintiff]'s medical records which note[s] that the [plaintiff] should be able to return to work on a more limited schedule of 30 hours a week and no more than 6 hours per day. However, the undersigned has noted that the opinion that the [plaintiff] may fall asleep at around 3 PM is unsupported by the medical record, and instead is a reiteration of the [plaintiff]'s self report. The limitation to part-

---

[4] The plaintiff filed the instant claims on May 16, 2016. *See* Record at 15. A new set of rules pertaining to the evaluation of medical opinions applies to claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

5

time work, and a curfew of 3 PM[,] is therefore unsupported by the medical evidence in the record.

Record at 23 (citations omitted).

The plaintiff asserts that Dr. Doughty's opinion was based not only on his subjective reports but also on reports downloaded from his BiPap machine. *See* Statement of Errors at 14. He notes that Dr. Doughty explained:

> His most recent downloads show good compliance with the BiPap usage and an average AHI of 11.7 – still a little over what would be ideal for him to be driving, but a definite improvement from the 50+ AHI that he started out with. *His compliance report does match pretty well with his reported sleep habits*.

*Id*. (quoting Record at 578) (emphasis added by plaintiff). He further complains that the ALJ provided no explanation for rejecting Dr. Doughty's restriction to a 30-hour workweek. *See id*. He contends that, accordingly, the ALJ substituted his lay judgment for that of a medical expert. *See id*. at 15.

As a threshold matter, the ALJ did provide an explanation for rejecting the plaintiff's need for a 30-hour workweek: that it was unsupported by the medical evidence of record. *See* Record at 23. He supportably rejected both the 30-hour workweek and 3:00 p.m. curfew limitations on that basis. As counsel for the commissioner observed at oral argument, in the passage on which the plaintiff relies, Dr. Doughty wrote that the plaintiff's BiPap compliance report was consistent with his reported sleep habits *at night*, not with a need to work only 30 hours per week or cease work at 3:00 p.m. *See id.* at 578 ("His compliance report does match pretty well with his reported sleep habits – he states that his usual bedtime is between 11 and 12 at night and wake time between 7 and 8 in the am."). From all that appears, Dr. Doughty based both his 30-hour per week limitation and the cutoff of work at 3:00 p.m. on the plaintiff's subjective reports, going on to note:

> [The plaintiff] states that even with this therapy he still has a very "groggy" period about 3 pm where he may fall asleep unintentionally. I do not feel comfortable

> with authorizing his return to driving under these circumstances. However, as I've told him today, I do feel that he is otherwise able bodied and should be now able to work, albeit on a more limited schedule. I have completed his paperwork today to indicate that he could return to part-time work, 30 hours per week consisting of no more than 6 hours per day, such that he is finished with the workday no later than 3 pm when he starts to get somnolent.

*Id*.

The ALJ, hence, supportably discounted Dr. Doughty's opinion that the plaintiff could work only 30 hours per week, for only six hours per day ending at 3:00 p.m., on the basis that it was unsupported by the medical evidence of record. *See id*. at 23.

### C. Asserted Error in Finding Plaintiff Capable of Past Relevant Work

The plaintiff, finally, seeks remand on the basis that, in deeming him capable of performing past relevant work as a fast food worker, *Dictionary of Occupational Titles* ("DOT") § 311.472-010 (U.S. Dep't of Labor 4th Ed. 1991), as that job is generally performed in the national economy, the ALJ failed to recognize that his fast food jobs were composite jobs. *See* Statement of Errors at 16-20; *see also, e.g.*, Social Security Ruling 82-61, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-61"), at 838 ("[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case.")

As the commissioner rejoins, *see* Opposition at 13-15, any error is harmless. At hearing, the VE testified that a person with the same RFC ultimately adopted by the ALJ, except with the additional restriction that he could perform only sedentary work, could perform the jobs of order clerk, DOT § 209.567-014, with 20,000 jobs in the national economy, and document preparer, DOT § 249.587-018, with 30,000 jobs in the national economy. *See* Record at 53-55.

The ALJ made no alternative Step 5 finding that the plaintiff could perform other work existing in significant numbers in the national economy, *see id*. at 23, implicating the rule of *SEC*

7

*v. Chenery Corp.*, 332 U.S. 194 (1947), that "a reviewing court . . . must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker." *Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) (citation and internal quotation marks omitted). Nonetheless, as the commissioner observes, *see* Opposition at 14-15, there is an exception to the *Chenery* rule "when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion[,]" *Day*, 2012 WL 6913439, at *10 (citation and internal punctuation omitted). That exception applies in this case. Remand to correct error in deeming the plaintiff capable of performing his past relevant work as a fast food worker would be an empty exercise when the plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of December, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge