# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| DARRELL C., | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil No. 1:18-cv-338-DBH |
| ANDREW M. SAUL, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant | ) | |

## ORDER AFFIRMING IN PART AND REJECTING IN PART RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

On December 23, 2019, the United States Magistrate Judge filed with the court, with copies to counsel, his Report and Recommended Decision. The plaintiff filed an objection to the Recommended Decision on January 6, 2020, and the Commissioner responded on January 21, 2020. Oral argument was held on February 4, 2020.

I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, except for the following.

The Magistrate Judge believed it unnecessary to determine whether the Administrative Law Judge (ALJ) erred in finding that the plaintiff could do his past relevant work as a fast food worker. The Magistrate Judge reasoned that, as the Commissioner argued, "[r]emand to correct error in deeming the plaintiff

capable of performing his past relevant work as a fast food worker would be an empty exercise when the plaintiff retained the capacity to perform other work *existing in significant numbers in the national economy*." Rep. & Rec. Dec. at 8[1] (ECF No. 23) (emphasis added). However, the ALJ explicitly left that question open. He said: "The claimant's representative also submitted a post-hearing brief arguing that the job numbers offered by the vocational expert are unreliable. Although the vocational expert offered testimony supporting these job numbers, . . . *an argument regarding job numbers is not relevant to this decision* [that the plaintiff can perform past relevant work]." ALJ Dec. at 24 (ECF No. 9-2) (emphasis added).[2] In other words, the ALJ recognized an issue over job numbers, an element essential to a Step 5 finding, but he did not resolve it and did not make a Step 5 finding. Although the Commissioner may think the outcome is inevitable on remand, a Step 5 decision is not for this court to make when there is an unresolved dispute.

I turn, therefore, to the correctness of the ALJ's decision at Step 4, an issue that the Magistrate Judge did not address.

Given the plaintiff's residual functional capacity as the ALJ found it, his only past relevant work is that of fast food worker. The ALJ did not find that the plaintiff could perform the fast food worker job he previously had. That job was

---

[1] Citations to documents filed in ECF refer to the document page number included in the ECF heading at the top of each page.
[2] I reject the Commissioner's argument that the plaintiff waived the right to argue that the ALJ erred in his treatment of the plaintiff's vocational expert affidavit about numbers of jobs by not raising it in his statement of errors. Def.'s Resp. to Pl.'s Obj. to Rep. & Rec. Dec. at 6-7 (ECF No. 25). The plaintiff had no reason to raise it then because the ALJ based his decision on Step 4 and the plaintiff could not know that the Magistrate Judge would affirm the Commissioner on a harmless error analysis that implicated Step 5 and the number of jobs.

at a higher skill level (semi-skilled) than the DOT description of fast food worker qualifications. Instead, the ALJ accepted the Commissioner's vocational expert testimony that the plaintiff "would be able to perform the job of fast food worker *as it is generally performed*." Id. (emphasis added).[3]

The plaintiff argues that he never had the job of fast food worker; that instead he had a composite job that incorporated both a fast food line worker's duties and management/supervisory duties. This dispute implicates two Social Security Disability principles: (1) that a plaintiff is not disabled if he can perform his past relevant work "either as the claimant actually performed it *or as generally performed in the national economy*," 20 C.F.R. § 404.1560(b) (2012) (emphasis added) (disability insurance regulation); 20 C.F.R. § 416.960(b) (2012) (parallel Supplemental Security Income regulation); SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982) (policy statement that a claimant is not disabled if he retains the RFC to perform "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy"); and (2) that a "composite job does not have a [Dictionary of Occupational Titles] counterpart, so *do not evaluate it* at the part of step 4 considering work 'as generally performed in the national economy'"; instead, "find the claimant capable of performing the composite job *only if he or she can perform all parts of the job*." POMS DI 25005.020(B) (2017) (emphasis added); SSR 82-61, 1982 WL

---

[3] The ALJ said: "Therefore, in comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed." ALJ Dec. at 24 (ECF No. 9-2).

31387, at *2 ("[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT.").

"Fast-foods worker" and "manager, fast food services" are in fact two separate job titles under the Dictionary of Occupational Titles. DOT 311.472-010, 1991 WL 672682 (fast-foods worker); DOT 185.137-010, 1991 WL 671285 (manager, fast food services). The vocational expert testified that he would place the plaintiff in the fast food worker category because his job duties did not rise to the level of manager, but that the plaintiff was performing at a semi-skilled level, 2 levels higher than the DOT description for fast foods worker. ALJ Hr'g Tr. at 52, 54, 55 (ECF No. 9-2).[4] Or, as the ALJ put it, "The vocational expert testified that the additional duties would not change his job classification, but did agree that the job was actually performed at the semi-skilled level." ALJ Dec. at 24 (ECF No. 9-2).

I conclude that the ALJ improperly relied for past relevant work on a composite job whose duties the plaintiff could no longer perform in their entirety. The finding at Step 4 that he could perform past relevant work was therefore erroneous, and the case must be **REMANDED**. On remand, the Commissioner must either reopen the Step 4 finding or proceed directly to Step 5.

**SO ORDERED.**

**DATED THIS 5TH DAY OF FEBRUARY, 2020**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] According to SSR 00-4P, unskilled work is rated at an SVP (specific vocational preparation) of 1-2; semi-skilled work at 3-4; and skilled work at 5-9. 2000 WL 1898704, at *3 (Dec. 4, 2000).

4