UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DARRELL C., | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) |
| v. | )  CIVIL NO. 1:18-CV-338-DBH |
| | ) |
| ANDREW M. SAUL, COMMISSIONER, | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| **DEFENDANT** | |

**DECISION AND ORDER DENYING APPLICATION
FOR FEES AND EXPENSES**

After prevailing in this Court on his claim for Social Security Disability and Supplemental Security Income benefits, the plaintiff filed an application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The Commissioner does not dispute that the plaintiff is the prevailing party, and he does not argue there are any special circumstances that would make an award unjust in this case. Def.'s Opp'n at 1-2 (ECF No. 40); see also Pl.'s Appl. at 1 (ECF No. 39) (the plaintiff stating he is the prevailing party). But the Commissioner claims that his position in this matter was substantially justified and that the plaintiff therefore is not entitled to EAJA fees. For the reasons stated below, I agree that although the Commissioner was the losing party, his litigating position was substantially justified. Therefore, I **DENY** the plaintiff's application for fees and expenses under the EAJA.

**PROCEDURAL HISTORY**

The Administrative Law Judge decided this case at Step 4, concluding the plaintiff could perform the duties of his past relevant work, a "fast food worker," as those duties are generally performed in the national economy. ALJ Dec. at 24 (ECF No. 9-2). But the testimony before the ALJ showed that the plaintiff's past relevant work included elements of two jobs, both the "fast food worker" job title and the "manager, fast food services" title. The vocational expert testified that although the plaintiff was performing two levels higher (semi-skilled) than the DOT description for fast foods worker, he would still place him in the fast food worker category because his job duties did not rise all the way to the level of manager. ALJ Hr'g Tr. at 52, 54, 55 (ECF No. 9-2). I concluded that the administrative record showed that the plaintiff's past work was a composite job, whose duties the plaintiff could no longer perform in their entirety, and that the ALJ erred by failing to recognize the work as a composite job. Order Affirming in Part & Rejecting in Part Rec. Dec. at 4 (ECF No. 32) ("I conclude that the ALJ improperly relied for past relevant work on a composite job whose duties the plaintiff could no longer perform in their entirety.").[1] I remanded the case and directed the Commissioner to either reopen the Step 4 finding or proceed directly to Step 5. Id.

---

[1] The Magistrate Judge's Recommended Decision, which I affirmed in part and rejected in part, did not consider the composite job issue. Instead, it jumped to Step 5, concluding that a remand to correct any error at Step 4 "would be an empty exercise when the plaintiff retained the capacity to perform other work existing in significant numbers in the national economy." Rep. & Rec. Dec. at 8 (ECF No. 23). But the ALJ had not determined whether the plaintiff could perform other work existing in significant numbers, and that determination is not for the court to make in the first instance. Order Affirming in Part & Rejecting in Part Rec. Dec. at 2 (ECF No. 32).

2

**LEGAL STANDARD**

The Equal Access to Justice Act provides that "a court shall award to a prevailing party other than the United States fees and other expenses" incurred by that party in "proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  For its position to be substantially justified, the government "must show that it had a reasonable basis for the facts alleged,[2] that it had a reasonable basis in law for the theories it advanced, and that the former supported the latter." United States v. One Parcel of Real Prop., 960 F.2d 200, 208 (1st Cir. 1992).  The government "need not show that its position was justified to a high degree; rather, it must show that its position was justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person."  Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001).  The Commissioner must make this showing by preponderance of the evidence.  One Parcel of Real Prop., 960 F.2d at 208.  "The mere fact that the government does not prevail is not dispositive on the issue of substantial justification"—neither is the fact that the government "succeeded at some stage of the litigation."  Schock, 254 F.3d at 5.

**ANALYSIS**

To defeat the plaintiff's application here, the Commissioner must show that he was substantially justified in arguing that the plaintiff's work was not a composite job.  He has carried that burden.  I concluded in my decision that two

---

[2] In this case, the parties do not dispute the relevant facts, but only how the law applies to them.

3

Social Security Disability principles were in play: that a plaintiff is not disabled if he can perform his past relevant work as it is "generally performed in the national economy"; alternatively, if the past relevant work was a composite job, a plaintiff is capable of performing it "only if he or she can perform all parts of the job." Order Affirming in Part & Rejecting in Part Rec. Dec. at 3 (ECF No. 32). Although I concluded that the administrative record showed the plaintiff's past relevant work to be a composite job, the Commissioner's argument to the contrary had substance. Def.'s Opp'n to Pl.'s Stmt. of Errors at 13-14 (ECF No. 17).

The parties cited regulations and policy statements on the past relevant work and composite job issue, but no pertinent caselaw prior to my decision. After my decision issued, the Commissioner cited an opinion from this District that arguably supported his position. Def.'s Mot. for Recons. at 5 (ECF No. 34) (citing Parkes v. Astrue, No. 1:11-cv-99-NT, 2012 WL 113307, at *5 (D. Me. Jan. 11, 2012)). The citation came late, but it lends support to the Commissioner's claim that his argument "had a reasonable basis in law." His position was "justified to a degree that could satisfy a reasonable person." Schock, 254 F.3d at 5.

Although my decision turned on the composite job issue, the parties also disputed the ALJ's determination of the plaintiff's residual functional capacity. See Def.'s Opp'n to Stmt. of Errors at 2-13 (ECF No. 17). The Commissioner's stance on this issue is relevant to determining whether his overall position in this case was substantially justified, since the EAJA refers to "'the position of the United States' in the singular." I.N.S. v. Jean, 496 U.S. 154, 159, 161-62 (1990)

4

("While the parties' postures on individual matters may be more or less justified, the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items."). I affirmed the Magistrate Judge's Recommended Decision on that issue, supporting the Commissioner. For the reasons stated in the Recommended Decision, Rep. & Rec. Dec. at 3-7 (ECF No. 23), the Commissioner's position was supported by both the facts and the law and was substantially justified.

The Commissioner's position was not substantially justified, however, in his Rule 59(e) motion for reconsideration of my decision. See Mot. for Recons. (ECF No. 34). The Commissioner's motion merely restated the same arguments he had already made and I had already rejected, although it did include a new case citation, as I discussed above. Given my previous decision, a reasonable person would not find the Commissioner's repeated arguments to be justified. But this does not change my opinion of his overall position. One instance of an unjustified position, coming at the end of the case and extending the matter only slightly longer, is not enough to obscure the justified position the Commissioner took in the rest of the case. See Saysana v. Gillen, 614 F.3d 1, 5 (1st Cir. 2010) (the court "must 'arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action.'" (quoting Dantran, Inc. v. U.S. Dep't of Labor, 246 F.3d 36, 41 (1st Cir. 2001))).

## CONCLUSION

The Commissioner "had a reasonable basis for the facts alleged," particularly since the facts here were unopposed, as well as "a reasonable basis in law for the theories [he] advanced, and . . . the former supported the latter."

5

<u>One Parcel of Real Prop.</u>, 960 F.2d at 208. His litigating position in this case, although unsuccessful, was substantially justified. I therefore **DENY** the plaintiff's application for fees and expenses.

**SO ORDERED.**

**DATED THIS 15TH DAY OF JUNE, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**